# Exhibit A



**House Legislative Analysis Section**

Washington Square Building, Suite 1025
Lansing, Michigan 48909
Phone: 517/373-6466

## PRIVACY: SALES, RENTALS OF VIDEOS, ETC.

**House Bill 5331** as enrolled
Second Analysis (1-20-89)

Sponsor: Rep. David Honigman
House Committee: Judiciary
Senate Committee: Judiciary

### *THE APPARENT PROBLEM:*

During the period when Congressional confirmation hearings were being held on the nomination of Robert Bork to the Supreme Court, a Washington weekly obtained and published a list of videotapes rented under Bork's wife's account. Many found this to be an unwarranted invasion of privacy, and the incident prompted the introduction in Congress of a bill to protect the privacy of those who rent or buy videotapes. Many in Michigan also believe that one's choice in videos, records, and books is nobody's business but one's own, and suggest the enactment of a statute to explicitly protect a consumer's privacy in buying and borrowing such items.

### *THE CONTENT OF THE BILL:*

The bill would create a new public act to preserve personal privacy with respect to the purchase, rental, or borrowing of written materials, sound recordings, and video recordings. Except as otherwise provided by law, a retailer, lender, or renter of such items could not disclose information — such as selections made — on a particular customer to any person other than that customer. Such information could be disclosed with the customer's written permission, under a court order, to the extent reasonably necessary to collect past-due payment, for the exclusive purpose of marketing goods and services directly to the consumer, or under a search warrant. Violation of the bill would be a misdemeanor.

### *FISCAL IMPLICATIONS:*

The House Fiscal Agency says that the bill would have no fiscal implications. (1-18-89)

### *ARGUMENTS:*

#### *For:*

The bill would recognize that a person's choice in reading, music, and video entertainment is a private matter, and not a fit subject for consideration by gossipy publications, employers, clubs, or anyone else, for that matter. The bill would complement the Library Privacy Act, which exempts library records on a person from disclosure under the Freedom of Information Act and prohibits disclosure absent a court order or the individual's consent.

*Response:* The bill, while laudable in its aims, may be unnecessary for libraries, which already are subject to civil penalties for violating the Library Privacy Act.

#### *Against:*

The bill could offer more in the way of recourse for injured parties if it provided for civil damages as well as criminal misdemeanor penalties. Civil remedies not only offer a person recompense for harm done: they free a person from having to rely on a prosecutor's office to pursue a case.

H.B. 5331 (1-20-89)