# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN NASHEL and TIM ROBINSON, Individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE NEW YORK TIMES COMPANY,

    Defendant.

Case No. 2:22-cv-10633-SJM-DRG

Hon. Stephen J. Murphy III

## NEWS/MEDIA ALLIANCE'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF THE NEW YORK TIMES COMPANY'S MOTION TO CERTIFY QUESTION TO THE MICHIGAN SUPREME COURT

Danielle Coffey
Senior Vice President
NEWS/MEDIA ALLIANCE
4401 N. Fairfax Dr.
Suite 300
Arlington, VA 22203
Tel: (202) 641-7434

Sharon L. Schneier
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 489-8230

*Counsel for Amicus Curiae*

News/Media Alliance (the "Alliance") files this motion for leave to file an *amicus curiae* brief in support of The New York Times Company's ("The New York Times") Motion to Certify Question to the Michigan Supreme Court (Dkt. No. 21) for the reasons that follow herein and in the attached brief:

1. The Alliance is a nonprofit, non-stock corporation organized under the laws of the commonwealth of Virginia. The Alliance represents news and media publishers, including nearly 2,000 diverse news and magazine publishers in the United States—from the largest news publishers and international outlets to hyperlocal news sources, from digital-only and digital-first to print news. Alliance members account for nearly 90% of the daily newspaper's circulation in the United States.

2. Since earlier this year the Alliance is also the industry association for magazine media. It represents the interests of close to 100 magazine media companies with more than 500 individual magazine brands, on topics that include news, culture, sports, lifestyle and virtually every other interest, avocation or pastime enjoyed by Americans. The Alliance diligently advocates for news organizations and magazine publishers on issues that affect them today.

3. The New York Times is a member of the Alliance as is Gannett which has been named as a defendant in the another litigation pending in a Michigan federal

district court arising under the Michigan Preservation of Personal Privacy Act (the "PPPA").

4.  The New York Times seeks to certify the question to the Michigan Supreme Court whether the three-year statute of limitations provided for in M.C.L. § 600.5805(2) governs a plaintiff's claim for damages under the PPPA. This is an unsettled question of state law that has arisen in numerous cases in Michigan over the last several years, including in those in which Alliance members have been defendants. This unresolved question has been the linchpin in the outcome of many of these cases. As such, resolving this question will have far-reaching consequences for Alliance members.

5.  It is well established that district courts "have broad discretion" to accept amicus briefs. *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011); *see also United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 WL 485501, at *6 (S.D. Ohio Feb. 26, 2009) (recognizing that amicus participation is within "the sound discretion of the courts"). District courts, including this one, have welcomed amicus participation. *E.g., Esshaki v. Whitmer*, 2021 WL 1192913, at *1 (E.D. Mich. Mar. 30, 2021); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. McClelland*, 2020 WL 5834750, at *2 (E.D. Mich. Oct. 1, 2020).

6. A decision to accept an amicus participation is within the sound discretion of the court, "depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991). Courts accept *amicus curiae* briefs when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997).

7. The Alliance is uniquely positioned to present to this Court why certifying this question is critical from the perspective of publishers. Many publishers have been most directly impacted by the spate of lawsuits that seek to capitalize on the unsettled limitations period and bring claims under a now-superseded version of Michigan's PPPA. Critically, unlike the amended version, the superseded PPPA provides for statutory damages that are disproportionate to any actual purported individual injury and, when applied across a class, result in significant awards that would be impossible under the current law. Accordingly, this proposed amicus brief is timely and will offer a unique perspective focused on the special harm these PPPA lawsuits, with their potential awards of $5,000 per customer and total awards in the hundreds of thousands if not millions or tens of millions of dollars, pose to a publishing industry already under strain.

8. In support of their motion, the Alliance states that they are not parties and are not related to any parties in the case.[1] No counsel for a party authored this brief in whole or in part, no party or party's counsel contributed money to fund preparing or submitting this brief, and no person other than the *amicus curiae* contributed money that was intended to fund preparing or submitting this brief.

9. Pursuant to Local Rule 7.1(a) and the Court's Practice Guidelines, the Alliance has contacted the parties' counsel, and has spoken with them, to seek their consent for this filing. Plaintiff's counsel does not consent to the filing. Defendant's counsel consents.[2]

10. If this motion is granted, the Alliance will file the Memorandum that is attached hereto as **Exhibit 1**.

WHEREFORE, for the foregoing reasons, and for the reasons stated in the accompanying brief, the Alliance respectfully requests this Court grant leave to file the attached brief *amicus curiae*.

---

[1] As disclosed *supra*, Defendant The New York Times is one of the 2,000 members of the Alliance.

[2] Amicus briefs are routinely accepted over a party's objection. *See, e.g., United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 WL 485501, at *6 (S.D. Ohio Feb. 26, 2009); *Pavek v. Simon*, 2020 WL 1467008, at *1 (D. Minn. Mar. 26, 2020); *Safari Club Int'l v. Harris*, 2015 WL 1255491, at *1 (E.D. Cal. Jan. 14, 2015); *Oberer Land Developers, Ltd. v. Beavercreek Township, Ohio*, 2006 WL 8442896, at *1 (W.D. Ohio Apr. 19, 2006); *Caremark, Inc. v. Goetz*, 395 F. Supp. 2d 683, 684 (M.D. Tenn. 2005).

Date: August 16, 2022          Respectfully submitted,

/s/ *Sharon L. Schneier*
Davis Wright Tremaine LLP
Sharon L. Schneier
Nimra H. Azmi
1251 Avenue of the Americas, 21st Floor
New York, NY  10020
Phone: (212) 489-8230
sharonschneier@dwt.com
nimraazmi@dwt.com

*Counsel for Amicus Curiae News/Media Alliance*

6

## **Certificate of Service**

    I hereby certify that on August 16, 2022, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                                                 /s/ *Sharon L. Schneier*
                                                                 Sharon L. Schneier