# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| JOHN NASHEL and TIM ROBINSON, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>　　　　　　　Defendant. | Case No. 2:22-cv-10633-SJM-DRG<br><br>Hon. Stephen J. Murphy III |

## BRIEF OF *AMICUS CURIAE* NEWS/MEDIA ALLIANCE IN SUPPORT OF DEFENDANT THE NEW YORK TIMES COMPANY'S MOTION TO CERTIFY QUESTION TO THE MICHIGAN SUPREME COURT

Danielle Coffey
Senior Vice President
NEWS/MEDIA ALLIANCE
4401 N. Fairfax Dr.
Suite 300
Arlington, VA 22203
Tel: (202) 641-7434

Sharon L. Schneier
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 489-8230

*Counsel for Amicus Curiae*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 2
BACKGROUND .............................................................................................................. 4
    A.   The PPPA Was Specifically Amended to Remove Statutory Damages. ........................ 4
    B.   History of the PPPA ............................................................................................. 5
    A.   Certification Is Required To Address An Important Question Of State Law .......... 6
    B.   Defending These Cases Requires the Publishers to Expend Scarce Resources ........ 7
CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) ..................................................................................................8

*Batts v. Gannett Co.*,
    4:22-cv-10685 (E.D. Mich.) ......................................................................................2

*Bennett v Penny Publications*,
    1:21-cv-00807 (W.D. Mich.) .....................................................................................2

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975) ..................................................................................................7

*Bozung v. Christianbook, LLC*,
    1:22-cv-00304 (W.D. Mich.) .....................................................................................2

*Campbell v. Jobson Medical Information LLC*,
    2:22-cv-11326 (E.D. Mich.) ......................................................................................2

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ..................................................................................................7

*Crane v. American Bar Association*,
    2:22-cv-11267 (E.D. Mich.) ......................................................................................2

*Custard v. The Week Publications, Inc.*
    1:22-cv-10666 (E.D. Mich.) ......................................................................................2

*Davis v. Equine Network, LLC*,
    2:22-cv-11289 (E.D. Mich.) ......................................................................................2

*DelValle v. Informa Media, Inc.*,
    2:22-cv-00132 (W.D. Mich.) .....................................................................................3

*Devroy v Annie's Publishing, LLC*,
    1:21-cv-11815 (E.D. Mich.) ......................................................................................2

*E.R. v. National Wildlife Federation*,
    2:22-cv-11173 (E.D. Mich.) ......................................................................................2

*Eberhardt et al v. Newsweek LLC*,
    2:21-cv-12849 (E.D. Mich.) ......................................................................................2

*Eberhardt v Newsweek LLC*,
  2:21-cv-12849 (E.D. Mich.)..................................................................................................2

*Fotis et al v. This Old House Ventures, LLC*,
  1:22-cv-00549 (W.D. Mich.) ...............................................................................................3

*Goodrich v. Essence Communications, Inc.*,
  2:22-cv-11322 (E.D. Mich.)..................................................................................................2

*Halaburda v. Bauer Publishing, Inc.*,
  2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ....................................................................6

*Ketover v. Kiplinger Washington Editors, Inc.*,
  1:21-cv-12987 (E.D. Mich.)..................................................................................................2

*Knoll v. Farm Show Publishing, Inc.*,
  1:22-cv-11379 (W.D. Mich.) ...............................................................................................3

*Kochanski v. American City Business Journals, Inc*,
  1:22-cv-00582 (W.D. Mich.) ...............................................................................................3

*Krassick v Archaeological Inst*,
  2:21-cv-00180 (W.D. Mich) .................................................................................................2

*Lessenberry v. Council on Foreign Relations, Inc.*,
  2:22-cv-11077 (E.D. Mich.)..................................................................................................2

*Lilly v. Sandviks, Inc*,
  2:22-cv-11104 (E.D. Mich.)..................................................................................................2

*Lin v. Crain Commc'ns Inc.*,
  No. 19-11889, 2020 WL 248445 (E.D. Mich. Jan. 16, 2020) ..............................................5

*McGlade v. Hoffman Media, LLC*,
  2:22-cv-11698 (E.D. Mich.)..................................................................................................2

*Meahl v. The Nation Company, LLC*,
  1:22-cv-00402 (W.D. Mich.) ................................................................................................2

*Mitchell v. Magnificat, Inc.*,
  1:22-cv-11299 (E.D. Mich.)..................................................................................................2

*Moore v. Columbia Books Inc.*,
  1:22-cv-00583 (W.D. Mich.) ...............................................................................................3

*Murray v. National Association of Realtors*,
  2:22-cv-11107 (E.D. Mich.)..................................................................................................2

*Nashel et al v. The New York Times Company*,
   2:22-cv-10633 (E.D. Mich.) .................................................................................... 2

*Nock v. Boardroom, Inc. d/b/a Bottom Line Inc.*,
   2:22-cv-11296 (E.D. Mich.) .................................................................................... 2

*O'Shea et al v. National Review, Inc*,
   5:22-cv-11295 (E.D. Mich.) .................................................................................... 2

*Osborn et al v. B.A.S.S., LLC*,
   1:22-cv-00520 (W.D. Mich.) ................................................................................... 3

*Pett v. Publishers Clearing House, Inc.*,
   2:22-cv-11389 (E.D. Mich.) .................................................................................... 3

*Pratt v KSE Sportsman Media*,
   1:21-cv-11404 (E.D. Mich.) .................................................................................... 2

*Prestel v. Christianity Today International*,
   1:22-cv-00551 (W.D. Mich.) ................................................................................... 3

*R.R. v. Highlights for Children, Inc.*,
   1:22-cv-11329 (E.D. Mich.) .................................................................................... 2

*Rubin v. Source Media LLC d/b/a Arizent*,
   2:22-cv-11361 (E.D. Mich.) .................................................................................... 2

*Russett v. NTVB Media Inc.*,
   5:22-cv-10352 (E.D. Mich.) .................................................................................... 2

*Sharper v. Randall-Reilly, LLC*,
   2:22-cv-11691 (E.D. Mich.) .................................................................................... 2

*Slodowski v. CBS Interactive, Inc.*,
   1:22-cv-11697 (E.D. Mich.) .................................................................................... 3

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
   552 U.S. 148 (2008) ................................................................................................ 7

*Taylor v. Active Interest Media, Inc*,
   1:22-cv-00447 (W.D. Mich.) ................................................................................... 2

*Taylor v. Belvoir Media Group, LLC*,
   1:22-cv-00477 (W.D. Mich.) ................................................................................... 2

*Ulsh v Farm Journal, Inc.*
   1:22-cv-00686 (W.D. Mich.) ................................................................................... 2

*White v. Newsmax Media, Inc*,
 3:22-cv-11765 (E.D. Mich.)..................................................................................3

**Federal Statutes**

18 U.S.C. § 2710......................................................................................................5

**State Statutes**

M.C.L. § 445.1715 (1989) .......................................................................................8

M.C.L. § 445.1715(2)(a), amended by 2016 Mich. Pub. Act No. 92 .....................5

M.C.L. §§ 445.1715(2)(a)-(b)..................................................................................6

M.C.L. § 455.1711 (1989) .......................................................................................2

M.C.L. § 600.5805(2) ..........................................................................................7, 8

1988 Mich. Pub. Acts No. 378............................................................................ *passim*

**Other Authorities**

Katerina Eva Matsa, *Time Inc. spinoff reflects a troubled magazine business*, PEW
 RESEARCH CENTER, (June 5, 2014), https://www.pewresearch.org/fact-
 tank/2014/06/05/time-inc-spinoff-reflects-a-troubled-magazine-business..............................4

Katerina Eva Matsa, *News magazines hit by big drop in ad pages*, PEW RESEARCH
 CENTER (July 15, 2013), https://www.pewresearch.org/fact-
 tank/2013/07/15/news-magazines-hit-by-big-drop-in-ad-pages................................................4

Kathryn Hopkins, *What Did 2020 Do to Print Magazines?*, YAHOO! FINANCE
 (Dec. 10, 2020), https://finance.yahoo.com/news/did-2020-print-magazines-
 120042248.html ........................................................................................................................4

Kathryn Hopkins, *The Monthly Fashion Magazine Is No More*, YAHOO! FINANCE
 (Mar. 22, 2022), https://finance.yahoo.com/news /monthly-fashion-magazine-
 no-more-040152684.html .........................................................................................................4

*Privacy: Sales, Rentals of Videos, etc*., House Legislative Analysis Section, H.B.
 No. 4694 (May 11, 1989), http://www.legislature.mi.gov/documents/1989-
 1990/billanalysis/House/pdf/1989-HLA-4694-A.pdf................................................................6

Sydney Ember and Michael M. Grynbaum, *The Not-So-Glossy Future of
 Magazines*, N.Y. TIMES (Sept. 23, 2017),
 https://www.nytimes.com/2017/09/23/business/media/the-not-so-glossy-
 future-of-magazines.htm............................................................................................................4

## INTEREST OF THE AMICUS CURIAE

Amicus The News/Media Alliance (the "Alliance") is a nonprofit, non-stock corporation organized under the laws of the commonwealth of Virginia. It has no parent company. The Alliance represents news and media publishers, including nearly 2,000 diverse news and magazine publishers in the United States—from the largest news publishers and international outlets to hyperlocal news sources, from digital-only and digital-first to print news. Alliance members account for nearly 90% of the daily newspaper circulation in the United States. Since 2022, the Alliance is also the industry association for magazine media. It represents the interests of close to 100 magazine media companies with more than 500 individual magazine brands, on topics that include news, culture, sports, lifestyle and virtually every other interest, avocation or pastime enjoyed by Americans. The Alliance diligently advocates for news organizations and magazine publishers on a broad range of issues that affect them today.

## INTRODUCTION

This question raised here – the appropriate limitations period for cases filed under Michigan's Preservation of Personal Privacy Act (the "PPPA"), M.C.L. § 455.1711, *et seq.* (1989), which was amended July 31, 2016 – is of critical importance to magazine publishers who have been named as defendants in at least 46 putative class actions filed across Michigan federal district courts.[1] These cases

---

[1] The cases are listed in the order in which they were filed. Cases that have settlement motions pending are not listed. *Pratt v KSE Sportsman Media,* 1:21-cv-11404 (E.D. Mich.); *Devroy v Annie's Publishing, LLC,* 1:21-cv-11815 (E.D. Mich.); *Krassick v Archaeological Inst,* 2:21-cv-00180 (W.D. Mich)*; Ulsh v Farm Journal, Inc.* 1:22-cv-00686 (W.D. Mich.); *Bennett v Penny Publications,* 1:21-cv-00807 (W.D. Mich.); *Eberhardt v Newsweek LLC,* 2:21-cv-12849 (E.D. Mich.); *Lessenberry v. Council on Foreign Relations, Inc.,* 2:22-cv-11077 (E.D. Mich.); *Batts v. Gannett Co.,* 4:22-cv-10685 (E.D. Mich.); *Custard v. The Week Publications, Inc.* 1:22-cv-10666 (E.D. Mich.); *Nashel et al v. The New York Times Company,* 2:22-cv-10633 (E.D. Mich.); *Russett v. NTVB Media Inc.,* 5:22-cv-10352 (E.D. Mich.); *Ketover v. Kiplinger Washington Editors, Inc.*, 1:21-cv-12987 (E.D. Mich.); *Eberhardt et al v. Newsweek LLC,* 2:21-cv-12849 (E.D. Mich.); *Taylor v. Belvoir Media Group, LLC,* 1:22-cv-00477 (W.D. Mich.); *Taylor v. Active Interest Media, Inc,* 1:22-cv-00447 (W.D. Mich.); *E.R. v. National Wildlife Federation,* 2:22-cv-11173 (E.D. Mich.); *Murray v. National Association of Realtors,* 2:22-cv-11107 (E.D. Mich.); *Lilly v. Sandviks, Inc,* 2:22-cv-11104 (E.D. Mich.); *Meahl v. The Nation Company, LLC,* 1:22-cv-00402 (W.D. Mich.); *Bozung v. Christianbook, LLC,* 1:22-cv-00304 (W.D. Mich.); *Sharper v. Randall-Reilly, LLC*, 2:22-cv-11691 (E.D. Mich.); *Rubin v. Source Media LLC d/b/a Arizent,* 2:22-cv-11361 (E.D. Mich.); *R.R. v. Highlights for Children, Inc.,* 1:22-cv-11329 (E.D. Mich.); *Campbell v. Jobson Medical Information LLC,* 2:22-cv-11326 (E.D. Mich.); *Goodrich v. Essence Communications, Inc.,* 2:22-cv-11322 (E.D. Mich.); *Mitchell v. Magnificat, Inc.,* 1:22-cv-11299 (E.D. Mich.); *Nock v. Boardroom, Inc. d/b/a Bottom Line Inc.,* 2:22-cv-11296 (E.D. Mich.); *O'Shea et al v. National Review, Inc,* 5:22-cv-11295 (E.D. Mich.); *Davis v. Equine Network, LLC,* 2:22-cv-11289 (E.D. Mich.); *Crane v. American Bar Association,* 2:22-cv-11267 (E.D. Mich.); *McGlade v. Hoffman Media, LLC,* 2:22-cv-11698 (E.D. Mich.); *Moore v.*

were filed by the same plaintiffs' counsel in an effort to claim entitlement to the $5,000 statutory damages per class member permitted under the *pre*-July 31, 2016 version of the PPPA – a penalty that the Michigan legislature has expressly removed from the amended statute.

These cases, with $5,000 in statutory damages per subscriber, create potential liability which is wildly disproportionate to the actual harm allegedly cause by the publisher's conduct, and was therefore eliminated by the Michigan legislature. Of great concern to the Alliance is the fact that these cases present the real possibility of business ending judgements for the small–to–midsize niche publisher defendants that counsel is now targeting with this second wave of suits. Certifying a class raises the prospect of crippling liability from the aggregation of statutory damages particularly for smaller magazine publishers. The problem is particularly acute for

---

*Columbia Books Inc.,* 1:22-cv-00583 (W.D. Mich.); *Kochanski v. American City Business Journals, Inc*, 1:22-cv-00582 (W.D. Mich.); *Pett v. Publishers Clearing House, Inc.,* 2:22-cv-11389 (E.D. Mich.); *DelValle v. Informa Media, Inc.,* 2:22-cv-00132 (W.D. Mich.); *Knoll v. Farm Show Publishing, Inc.,* 1:22-cv-11379 (W.D. Mich.); *Prestel v. Christianity Today International,* 1:22-cv-00551 (W.D. Mich.); *Fotis et al v. This Old House Ventures, LLC,* 1:22-cv-00549 (W.D. Mich.); *Osborn et al v. B.A.S.S., LLC,* 1:22-cv-00520 (W.D. Mich.); *White v. Newsmax Media, Inc,* 3:22-cv-11765 (E.D. Mich.); *Slodowski v. CBS Interactive, Inc.,* 1:22-cv-11697 (E.D. Mich.); *White v. Newsmax Media, Inc.,* 3:22-cv-11765 (E.D. Mich.); *Slodowski v. CBS Interactive, Inc.,* 1:22-cv-11697 (E.D. Mich.).

the magazine publishing industry that has been struggling financially in recent years.[2]

## BACKGROUND

**A.    The PPPA Was Specifically Amended to Remove Statutory Damages.**

Plaintiffs' claims under the PPPA is based on the *pre*-July 2016 version of the statute. The cookie-cutter complaints filed in these cases seek $5,000 in statutory penalties per class member, a feature of the statute that was specifically removed by amendments to the PPPA effective July 30, 2016. In all of these cases plaintiffs claim that the magazine publisher defendants caused their personal privacy injuries by disclosing subscribers' private reading information in violation of the pre-July 2016 version of the PPPA.

---

[2] *See, e.g.*, Sydney Ember and Michael M. Grynbaum, *The Not-So-Glossy Future of Magazines*, N.Y. TIMES (Sept. 23, 2017), https://www.nytimes.com/2017/09/23/business/media/the-not-so-glossy-future-of-magazines.html; Kathryn Hopkins, *What Did 2020 Do to Print Magazines?*, YAHOO! FINANCE (Dec. 10, 2020), https://finance.yahoo.com/news/did-2020-print-magazines-120042248.html; Kathryn Hopkins, *The Monthly Fashion Magazine Is No More*, YAHOO! FINANCE (Mar. 22, 2022), https://finance.yahoo.com/news/monthly-fashion-magazine-no-more-040152684.html; Katerina Eva Matsa, *Time Inc. spinoff reflects a troubled magazine business*, PEW RESEARCH CENTER, (June 5, 2014), https://www.pewresearch.org/fact-tank/2014/06/05/time-inc-spinoff-reflects-a-troubled-magazine-business; Katerina Eva Matsa, *News magazines hit by big drop in ad pages*, PEW RESEARCH CENTER (July 15, 2013), https://www.pewresearch.org/fact-tank/2013/07/15/news-magazines-hit-by-big-drop-in-ad-pages.

**B.     History of the PPPA**

Michigan enacted the PPPA shortly after the U.S. Senate passed the federal Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. *See Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *2 (E.D. Mich. Jan. 16, 2020). The PPPA aims to "preserve personal privacy with respect to the purchase, rental, or borrowing" of "written materials, sound recordings, and video recordings." *Id.* (quoting 1988 Mich. Pub. Acts No. 378 at p. 1559). The PPPA was passed to address concerns arising from an unwarranted invasion of privacy." *Id.* (quoting House Legislative Analysis, Privacy: Sales, Rentals of Videos, Etc., H.B. 5331, (Jan. 20, 1989)); *see also* 1988 Mich. Pub. Act No. 378 (PPPA is "[a]n act to preserve personal privacy with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act"). Similarly, the analogous federal VPPA was enacted in recognition of a "right to privacy." In essence, the PPPA enshrined the common low tort of invasion of privacy in the specific context of the purchase, rental or borrowing of written materials or recordings.

Originally, the PPPA did not provide for civil penalties. *See* 1988 Mich. Pub. Act. No. 378. A year later, in 1989, the Michigan legislature revised the PPPA to cognize "[a]ctual damages ... or $5,000.00, whichever is greater." 1989 Mich. Pub. Act. No. 206 (codified at M.C.L. § 445.1715(2)(a) until amended by 2016 Mich. Pub. Act No. 92). This amendment operated so that "those harmed by illegal

5

disclosures could obtain some recompense"[3] and provided "the right to collect damages for harm done when details on a person's rentals or purchases are disclosed."[4]

In July 2016, and in the context of lawsuits in which a Michigan federal judge had held that actual damages were not required to support standing to sue under the PPPA,[5] the Michigan Legislature amended the PPPA to *eliminate* the statutory $5,000 penalty and require a plaintiff to prove "actual damages" to recover under the statute. *See* 2016 Mich. Pub. Act No. 92 (codified at MCL §§ 445.1715(2)(a)-(b)). This current version of the PPPA became operative on July 30, 2016. *Id.*

## ARGUMENT

**A. Certification Is Required To Address An Important Question Of State Law.**

In an effort to claim the statutory penalties allowed prior to the 2016 amendment to the PPPA, Plaintiffs argue that the six-year limitations period applicable to statutory claims that lack express limitation periods applies to all of

---

[3] *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 4694, May 11, 1989, available at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/House/pdf/1989-HLA-4694-A.pdf.

[4] *Privacy: Sales, Rentals of Videos, etc.*, Senate Fiscal Agency, Bill Analysis, H.B. No. 4694, Nov. 10, 1989, available at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/Senate/pdf/1989-SFA-4694-A.pdf.

[5] *Halaburda v. Bauer Publishing, Inc.*, 2013 WL 4012827, at *4 (E.D. Mich. Aug. 6, 2013).

these cases. Given, however, that a claim for violation of the PPPA seeks redress of an invasion of privacy, it is governed by Michigan's three-year period. MCL § 600.5805(2). This question of purely Michigan state law – which is one of "first impression" – should be definitively resolved by the Michigan Supreme Court, and not by the myriad of Michigan federal district court judges before whom these cases were filed.

**B.    Defending These Cases Requires the Publishers to Expend Scarce Resources.**

The burden on the publisher defendants in defending and settling these lawsuits, which are designed to extract lucrative settlements, is significant. As the Supreme Court has observed, merely having to litigate a putative class action, regardless of the merits, "may so increase the defendant's potential damages liability and litigation costs that he may feel it economically prudent to settle and to abandon a meritorious defense." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 476 (1978); *accord Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 740 (1975). Defendants are placed in an untenable position. Defense costs can run into the hundreds of thousands, if not millions, of dollars. And these actions can drag on for years, even before a court takes up class certification. Because of these dynamics, merely allowing a putative class action to survive a motion to dismiss can enable plaintiffs to leverage the inefficiencies of the judicial system "to extort settlements from innocent companies." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,

7

552 U.S. 148, 149 (2008); *accord AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011) (noting the "risk of 'in terrorem' settlements that class actions entail").

Certification of the question, and the prospect of a definitive answer regarding the applicable limitation's periods, will promote judicial efficiency and avoid the waste of significant resources.

## CONCLUSION

For the foregoing reasons, Alliance respectfully requests that the Court grant The New York Times Company's motion for certification of the following question to the Michigan Supreme Court: Does the three-year statute of limitations provided for in M.C.L. § 600.5805(2) govern a plaintiff's claim for damages under Michigan's Preservation of Personal Privacy Act (M.C.L. § 445.1715 (1989))?

Date: August 16, 2022          Respectfully submitted,

/s/ *Sharon L. Schneier*
Davis Wright Tremaine LLP
Sharon L. Schneier
Nimra H. Azmi
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone: (212) 603-6448
sharonschneier@dwt.com
nimraazmi@dwt.com

*Counsel for Amicus Curiae News/Media Alliance*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2022, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

> */s/ Sharon Schneier*
> Sharon Schneier