## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN NASHEL and TIM ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>Defendant. | Case No. 22-cv-10633-SJM-DRG<br><br>Hon. Stephen J. Murphy III |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY QUESTION TO THE MICHIGAN SUPREME COURT

## ISSUE PRESENTED

Should this Court exercise its discretion to certify to the Michigan Supreme Court the question of whether the six-year limitation period found in M.C.L. § 600.5813 or the three-year limitation period found in M.C.L. § 600.5805(2) applies to a claim for violation of Michigan's Preservation of Personal Privacy Act (M.C.L. § 445.1715 (1989)) merely because Defendant disagrees with both the Sixth Circuit's controlling holding that all Michigan statutory causes of action are subject to the six-year period and the unanimous holdings of every federal district court to have decided the issue that PPPA claims in particular are subject to the six-year period?

**Plaintiffs answer: No.**

## CONTROLLING AND MOST IMPORTANT AUTHORITIES

- M.C.L. § 600.5813

- *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530 (6th Cir. 2017)

- *Pratt v. KSE Sportsman Media, Inc.*, -- F. Supp. 3d --, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022)

- *Hall v. Farm Journal, Inc.*, Case No. 21-cv-11811, ECF No. 26 (Transcript) (E.D. Mich. Apr. 5, 2022)

- *Krassick v. Archaeological Inst. of Am.*, 2022 WL 2071730 (W.D. Mich. June 9, 2022)

- *Pack v. Damon Corp.*, 2006 WL 1109100 (E.D. Mich. Apr. 25, 2006)

- *Perini/Tompkins Joint Venture v. Comerica Bank*, 2014 WL 6809810 (E.D. Mich. Dec. 2, 2014)

- *Detroit Ent., LLC v. Am. Guarantee & Liab. Ins. Co.*, 2022 WL 982232 (E.D. Mich. Mar. 30, 2022)

# TABLE OF CONTENTS

ISSUE PRESENTED ................................................................................. i

CONTROLLING AND MOST IMPORTANT AUTHORITIES ................................ ii

TABLE OF CONTENTS .......................................................................... iii

TABLE OF AUTHORITIES ....................................................................... iv

INTRODUCTION ................................................................................... 1

BACKGROUND ..................................................................................... 1

   I.    Prior Decisions on the Question for Which Certification Is Sought ................ 1

   II.   The Instant Litigation ............................................................. 3

PERTINENT STATUTORY SCHEMES ........................................................... 4

   I.    Michigan's Preservation of Personal Privacy Act ................................ 4

   II.   The Statutes of Limitation in Question ........................................ 5

APPLICABLE LEGAL STANDARD ............................................................... 6

ARGUMENT ........................................................................................ 7

   I.    The Issue for Which Certification Is Sought Is Well Settled, and Presents
       None of the "Far Reaching Consequences" That Defendant Warns of ........... 8

   II.   The Issue for Which Certification Is Sought, Although Controlling in This
       Case, Does Not Control Many of the Other Pending PPPA Actions
       Referenced in the Motion ......................................................... 17

   III.  Certification of the Issue Presented in the Motion Would Needlessly Impede
       Plaintiffs and Putative Class Members in This Case and Many Other Cases
       From Obtaining the Relief to Which They Are Entitled .......................... 20

CONCLUSION ..................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*AFT Michigan v. Project Veritas,*
 2020 WL 5761032 (E.D. Mich. Sept. 28, 2020) ............................................................7

*Bill Rivers Trailers, Inc. v. Thermo King Corp.,*
 478 F.2d 1243 (C.C.P.A. 1973) ...................................................................................14

*Blaha v. A.H. Robins & Co.,*
 708 F.2d 238 (6th Cir. 1983) ................................................................................ 6, 19

*Boelter v. Hearst Commc'ns, Inc.,*
 192 F. Supp. 3d 427 (S.D.N.Y. 2016) .................................................................. 5, 13

*Bozung v. Christianbook, LLC,*
 No. 1:22-cv-00304 (W.D. Mich.) .................................................................................16

*Dabish v. McMahon,*
 818 F. App'x 423 (6th Cir. 2020) ...............................................................................15

*Detroit Ent., LLC v. Am. Guarantee & Liab. Ins. Co.,*
 2022 WL 982232 (E.D. Mich. Mar. 30, 2022)........................................... 10, 11, 18, 20

*Edwards v. Hearst Commc'ns, Inc.,*
 2016 WL 6651563 (S.D.N.Y. Nov. 9, 2016) ...............................................................13

*Freeman v. Potter,*
 2006 WL 2631722 (W.D. Va. Sept. 13, 2006) .............................................................14

*Hall v. Farm Journal, Inc.,*
 No. 21-cv-11811 (E.D. Mich.)..............................................................................ii, 2

*Horton v. GameStop, Corp.,*
 -- F. Supp. 3d --, 2018 WL 8335635 (W.D. Mich. Sept. 28, 2018). ...........................6

*Ketover v. Kiplinger Washington Editors, Inc.,*
 No. 1:21-cv-12987 (E.D. Mich.) .................................................................................17

*Kochanski v. Am. City Bus. J., Inc.,*
 No. 1:22-cv-00582 (W.D. Mich.) .................................................................................21

*Krassick v. Archaeological Institute of Am.,*
 2022 WL 2071730 (W.D. Mich.) ...................................................................3, 10, 15

*Landgraf v. USI Film Prods.,*
 511 U.S. 224 (1994) ....................................................................................................6

*Lehman Brothers v. Schein,*
 416 U.S. 386 (1974) ....................................................................................................8

*O'Shea et al. v. Nat'l Rev., Inc.,*
 No. 5:22-cv-11295 (E.D. Mich.) .................................................................................22

*Pack v. Damon Corp.,*
 2006 WL 1109100 (E.D. Mich. Apr. 25, 2006)............................................. 8, 11, 12, 21

*Palmer Park Square, LLC v. Scottsdale Ins. Co.,*
 878 F.3d 530 (6th Cir. 2017) ..............................................................................2, 9, 10

*Perini/Tompkins Joint Venture v. Comerica Bank*,
    2014 WL 6809810 (E.D. Mich. Dec. 2, 2014) ........................................................ 8, 12
*Pratt v. KSE Sportsman Media, Inc.*,
    -- F. Supp. 3d --, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022) ...................1, 8, 13, 17
*RCRV Inc. v. J L J Inc.*,
    2013 WL 12133691 (C.D. Cal. Jan. 30, 2013) .................................................................14
*Straus v. Governor*,
    592 N.W.2d 53 (Mich. 1999) .........................................................................................19
*Tang v. I.N.S.*,
    223 F.3d 713 (8th Cir. 2000).........................................................................................14
*Transamerica Ins. Co. v. Duro Bag Mfg. Co.*,
    50 F.3d 370 (1995)....................................................................................................8, 11
*United States v. Lopez*,
    590 F.3d 1238 (11th Cir. 2009).....................................................................................14
*Walker v. Ward*,
    934 F. Supp. 1286 (N.D. Okla. 1996)............................................................................14

## Statutes

H.B. No. 5331, 1988 Mich. Legis. Serv. 378 (West) .............................................................4
M.C.L. § 600.5805(2)....................................................................................................passim
M.C.L. § 600.5813 ........................................................................................................passim
PPPA § 2................................................................................................................................4
S.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016) (codified at M.C.L. §
    445.1711, *et seq.*) .........................................................................................................5

## Other Authorities

Mich. Executive Order No. 2020-122..................................................................................17
Mich. Executive Order No. 2020-58....................................................................................16
Mich. Supreme Court Administrative Order No. 2020-18 ...................................................17
Mich. Supreme Court Administrative Order No. 2020-3 .....................................................17
*Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331,
    Jan. 20, 1989 ..................................................................................................................5

## Rules

E.D. Mich. L.R. 83.40(a) ...............................................................................................passim
Fed. R. Civ. P. 1 ................................................................................................................24
Mich. Ct. R. 7.308(A)(2)(a)..........................................................................................7, 16

Plaintiffs John Nashel and Tim Robinson submit this response in opposition to the motion to certify filed by Defendant (ECF No. 21 (the "Motion" or "Mot.")).

## INTRODUCTION

Notwithstanding the prior consistent decisions of three of Michigan's federal district courts on the question of whether a three-year or a six-year limitation period applies to a PPPA claim (with each court deciding in favor of the six-year period), Defendant says the Court should certify the question to the Michigan Supreme Court for resolution and indefinitely stay these proceedings pending a decision. Defendant says so without citing to any conflicting decisions on the question. In fact, Defendant says so without demonstrating any genuine difference of opinion at all on the question. Defendant's sole basis for the Motion—the company's subjective belief that its interpretation of the pertinent statutes of limitation is correct and that every federal district court to have decided the issue got it wrong—is plainly insufficient to obtain certification to the Michigan Supreme Court. The Motion should be denied.

## BACKGROUND

### I.    Prior Decisions on the Question for Which Certification Is Sought

On February 15, 2022, the Honorable Thomas L. Ludington of the Eastern District of Michigan, issued a published opinion denying a defendant's motion to dismiss a PPPA action on statute of limitations grounds. *Pratt v. KSE Sportsman Media, Inc.*, -- F. Supp. 3d --, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022). After surveying decades' worth of jurisprudence from Michigan's appellate courts, and closely analyzing

the U.S. Court of Appeals for the Sixth Circuit's decision in *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 540 (6th Cir. 2017) (holding that "§ 600.5813 applies to statutory causes of action, including those for civil fines"), the court explicitly held that "[a] six-year statute of limitations applies to PPPA claims." *Pratt*, 2022 WL 469075, at *5. The defendant in *Pratt* made the same arguments in support of the three-year statute of limitations that Defendant raises here.

On April 5, 2022, the Honorable David M. Lawson of the Eastern District of Michigan, denied another PPPA defendant's motion to dismiss on statute of limitations grounds. *Hall v. Farm Journal, Inc.*, Case No. 21-cv-11811 ECF No. 26, PageID.718, at 19:8-10 (Transcript attached as **Ex. A**) ("The plaintiff's claim is governed by [the six-year limitation period found in] Section 5813, and therefore, the claim appears to be timely for the purpose of this motion."). The defendant in *Hall* made the same arguments in support of the three-year statute of limitations that Defendant raises here.

On June 9, 2022, the Honorable Hala Y. Jarbou of the Western District of Michigan, issued an opinion denying yet another PPPA defendant's motion to dismiss on statute of limitations grounds, explicitly holding that "the six-year statute of limitations in [M.C.L.] § 600.5813 governs a PPPA claim." *Krassick v. Archaeological Inst. of Am.*, 2022 WL 2071730, at *5 (W.D. Mich. June 9, 2022). The defendant in *Krassick* made the same arguments in support of the three-year statute of limitations that Defendant raises here.

## II.   **The Instant Litigation**

On March 24, 2022, Plaintiffs John Nashel and Tim Robinson initiated this action with a Class Action Complaint alleging a single claim for violation of the PPPA against Defendant, based on disclosures of their Private Reading Information (as defined therein) that occurred prior to July 31, 2016. (ECF No. 1).

On June 7, 2022, Defendant filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief and on the ground that Plaintiffs' claim is barred by the three-year limitation period found in M.C.L. § 600.5805(2), and, alternatively, pursuant to Rule 12(b)(1) for lack of Article III standing. (ECF No. 15). Defendant did not seek to certify the statute of limitation question to the Michigan Supreme Court in response to the Complaint.

On June 28, 2022, Plaintiffs filed the operative First Amended Class Action Complaint (ECF No. 16 (the "FAC")) pursuant to Rule 15(a)(1)(B). Like the original Complaint, the FAC alleges a single claim for violation of the PPPA against Defendant, based on disclosures of Plaintiffs' Private Reading Information (as defined therein) that occurred prior to July 31, 2016.

On July 26, 2022, Defendant filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) for failure to state a claim for relief and on the ground that Plaintiffs' claim is

barred by the three-year limitation period found in M.C.L. § 600.5805(2).[1] Together with this motion, Defendant filed the instant Motion to certify the statute of limitations question to the Michigan Supreme Court pursuant to Local Rule 83.40, but asks that "th[e] Court issue a decision on the Motion to Dismiss prior to deciding this Motion to Certify." (Mot. at 2. PageID.1387.)

## PERTINENT STATUTORY SCHEMES

### I.   Michigan's Preservation of Personal Privacy Act

In 1988, Michigan's legislature enacted the PPPA to protect "privacy with respect to the purchase, rental, or borrowing of certain materials," by prohibiting companies from disclosing certain types of sensitive consumer information. H.B. No. 5331, 1988 Mich. Legis. Serv. 378 (West).

Subsection 2 of the PPPA states:

> [A] person, or an employee or agent of the person, engaged in the business of selling at retail, renting, or lending books or other written materials . . . *shall not disclose* to any person, other than the customer, a record or information concerning the purchase . . . of those materials by a customer that indicates the identity of the customer.

PPPA § 2 (emphasis added). The version of the PPPA enacted in 1988 entitles a prevailing Plaintiff to a statutory damages award of $5,000.00, as well as reasonable costs and attorneys' fees. *Id.* at § 5(a).

Michigan's passage of the PPPA established as a matter of law "that a person's

---

[1]     Unlike its response to the original Complaint, Defendant did not move to dismiss the FAC for lack of Article III standing pursuant to Rule 12(b)(1).

choice in reading, music, and video entertainment is a private matter, and not a fit subject for consideration by gossipy publications, employers, clubs, or anyone else for that matter." *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989. *See* FAC, Ex. E.

In May 2016, the Michigan legislature amended the PPPA, removing the statute's statutory damage provision and adding a requirement that a plaintiff must allege "actual damages" as a prerequisite to stating a claim, among other changes. *See* S.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016) (codified at M.C.L. § 445.1711, *et seq.*). The May 2016 amendment to the PPPA, effective July 31, 2016, does not apply retroactively to claims that accrued prior to July 31, 2016. *See Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 439-41 (S.D.N.Y. 2016) ("the amendment to the [PP]PA does not apply to Plaintiffs' claims, and the Court will assess the sufficiency of those claims under the law as it was when Plaintiffs' claims accrued.") (citations omitted). Because the claims alleged in this case accrued, and thus vested, prior to the July 31, 2016 effective date of the amended version of the PPPA, the pre-amendment version of the PPPA applies in this case. *See Horton v. GameStop, Corp.*, 380 F. Supp. 3d 679, 682-73 (W.D. Mich. 2018).

## II.   The Statutes of Limitation in Question

"Pursuant to the *Erie* doctrine, state statutes of limitations must be applied by federal courts sitting in diversity." *Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983) (citation omitted).

Defendant contends that M.C.L. § 600.5805 sets forth the limitation period applicable to Plaintiffs' PPPA claims. Section 600.5805(2) states: "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property." M.C.L. § 600.5805(2).

Plaintiffs, however, contend that their claims for violation of the PPPA (a statute that does not itself specify a limitation period) are governed by M.C.L. § 600.5813, not § 5805(2). Section 600.5813 states that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." M.C.L. § 600.5813.

As explained above, three federal district courts in Michigan recently resolved this question in favor of the six-year limitation period found in M.C.L. § 600.5813. No court has ever found in favor of the three-year limitation period found in M.C.L. § 600.5805(2) when addressing this issue on a contested basis.

## APPLICABLE LEGAL STANDARD

The Eastern District of Michigan's Local Rules provide that, "upon motion or after a hearing ordered by the Judge *sua sponte,* the Judge may certify an issue for decision to the Highest Court of the State whose law governs its disposition." E.D. Mich. LR 83.40(a). As such, "a court 'may certify an issue for decision to the highest Court of the State whose law governs its disposition' when '(1) the issue certified is an unsettled

issue of State law, and (2) the issue certified will likely control the outcome of the federal suit, and (3) certification of the issue will not cause undue delay or prejudice.'" *AFT Michigan v. Project Veritas*, 2020 WL 5761032, at *2 (E.D. Mich. Sept. 28, 2020) (quoting E.D. Mich. LR 83.40(a)).

The Michigan Court Rules likewise provide that "when a federal court . . . considers a question that Michigan law may resolve and that is not controlled by Michigan Supreme Court precedent, the court may on its own initiative or that of an interested party certify the question to the Court." Mich. Ct. R. 7.308(A)(2)(a).

"Certification of an unresolved issue to a state supreme court is not obligatory, but instead lies within the federal court's discretion." *Pack v. Damon Corp.*, 2006 WL 1109100, at *1 (E.D. Mich. Apr. 25, 2006) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974)). In determining whether to certify a question to a state's high court, "[a] federal district court should . . . take into account whether the Sixth Circuit has examined the issue or related principles and found them to be settled." *Pack*, 2006 WL 1109100, at *1 (citing *Transamerica Ins. Co. v. Duro Bag Mfg.*, 50 F.3d 370, 372 (1995)); *see also Perini/Tompkins Joint Venture v. Comerica Bank*, 2014 WL 6809810, at *2 (E.D. Mich. Dec. 2, 2014) ("Questions of new or unsettled state law are most appropriate for certification, and the district court may also consider whether a Federal Court of Appeals has examined the issues in question.").

## ARGUMENT

7

**I.    The Issue for Which Certification Is Sought Is Well Settled, and Presents None of the "Far Reaching Consequences" That Defendant Warns of**

The Motion fails to satisfy the first requirement for certification – that "the issue certified is an unsettled issue of State law." E.D. Mich. LR 83.40(a).

The question for which certification is sought is not an "unsettled issue of state law." Rather, the issue was settled by the Sixth Circuit in *Palmer Park*, which held, pursuant to well-established Michigan precedent, that all claims for violation of a Michigan statute are governed by the six-year limitation period found in § 600.5813 (except where the statute itself specifies its own limitation period). *See Palmer Park*, 878 F.3d at 540. Because the PPPA is a Michigan statute that does not specify its own limitation period, it is well settled that a claim for violation of the PPPA is subject to the six-year limitation period found in § 600.5813.

Defendant says that "every court has acknowledged that the issue of the applicable limitations period of a claim under the PPPA is unsettled, conceding that they have had to predict how the Michigan Supreme Court would rule on this point." (Mot. at 12, PageID.1406) (citing *Pratt*, 2022 WL 469075, at *3, 5; *Krassick*, 2022 WL 2071730).) This is wrong. Every court that has considered the issue has found it to be settled by *Palmer Park*. *See Pratt*, 2022 WL 469075, at *7 ("The Sixth Circuit carefully analyzed Michigan precedent to hold that a six-year statute of limitations applies to statutory causes of action, like the PPPA.") (citing *Palmer Park*, 878 F.3d at 540)); *see also*

*Hall* Tr. at 19:8-10, discussed *supra*; *Krassick*, 2022 WL 2071730, at *5.

Moreover, federal district courts sitting in diversity jurisdiction routinely decide issues of state law by predicting how the state's high court would decide a question, without punting the question to a state's high court for resolution. *See, e.g.*, *Detroit Ent., LLC v. Am. Guarantee & Liab. Ins. Co.*, 2022 WL 982232, at *2 (E.D. Mich. Mar. 30, 2022) ("The Court concludes that certification to the Michigan Supreme Court is not necessary. Federal courts hearing insurance coverage disputes arising out of the COVID-19 pandemic – including the Sixth Circuit and other Judges in this District – have repeatedly resolved similar questions of state law and insurance policy interpretation without finding it necessary to first seek direction from state courts."). This is particularly true where, as here, the U.S. Court of Appeals that presides over the district court confronted with the question has already resolved it in a published opinion. *See Pack,* 2006 WL 1109100, at *1 (cited *supra*, citing *Transamerica*, 50 F.3d at 372)). And indeed, without certifying the question to the Michigan Supreme Court, the courts in *Pratt*, *Hall*, and *Krassick* each easily concluded that the PPPA, a statute that does not itself provide a limitation period, is governed by the six-year limitation period found in § 5813 pursuant to the Sixth Circuit's controlling decision in *Palmer Park*. This Court should now do the same. *See, e.g.*, *Detroit Ent., LLC*, 2022 WL 982232, at *3 ("The Court chooses to proceed as the Sixth Circuit did in *Brown Jug* and *Estes*. The Court concludes, like the Sixth Circuit did in those cases, that because there is a general

consensus among courts concerning the legal principles that broadly govern here, the Court does not need to certify any questions to the Michigan Supreme Court in order to determine how that court would resolve the issues presented in this case.").

Even if the issue were considered an "unsettled issue of state law," certification would still be inappropriate given the Sixth Circuit's clear, unequivocal holding that controls the question presented in the Motion. In *Pack*, for example, the Honorable George C. Steeh denied a motion to certify a question of state law to the Michigan Supreme Court in circumstances analogous to those here, explaining:

> While all agree that Michigan Supreme Court precedent does not address the precise issue of Michigan law posed by [movant], the absence of such precedent alone does not warrant certification. The very question posed by [movant] has been answered by the Sixth Circuit, in this lawsuit, after a thorough examination of Michigan precedent dating back to 1958. The issue is certainly not new. A panel of this Circuit has examined the legal principles related to [plaintiff's] implied warranty claim and found them to be sufficiently settled under Michigan to allow [him] to proceed with his claim. Contrary to [movant's] argument, a split of *binding* authority no longer exists within this Circuit or the federal district courts within this Circuit following publication of *Pack*. Michigan courts in turn are not bound by the Sixth Circuit's interpretation of Michigan law. [Movant's] disagreement with the Sixth Circuit's analysis does not weigh in favor of seeking a "second opinion" from the Michigan Supreme Court.

*Pack*, 2006 WL 1109100, at *2 (citations omitted).

Moreover, the Sixth Circuit's decision in *Palmer Park* is firmly supported by decades of jurisprudence from Michigan's appellate courts, which further weighs against certification of the question presented in the Motion. *See, e.g., Perini*, 2014 WL 6809810, at *3 ("The Court next acknowledges that the Michigan Supreme Court has

10

not addressed the issue presented in this case. The Court, however, finds that the law has been clearly stated by the Michigan Court of Appeals and the Sixth Circuit. Thus, the Court is not persuaded that certifying the issue before this Court to the Michigan Supreme Court is warranted.") (citations omitted).

Defendant nonetheless declares that "[t]he time for federal courts to guess at what the Michigan Supreme Court might say on this issue is over." (Mot. at 12, PageID.1406). With all due respect, the time (if ever) for a PPPA litigant to request certification of this question to the Michigan Supreme Court would have been 14 months ago, when the current wave of PPPA litigation premised on a six-year limitation period began – not after three separate federal district courts have already expended considerable time and resources thoroughly considering and carefully resolving the issue. The only reason Defendant suddenly wants federal district courts to stop answering this question is because Defendant does not like the answer that all of them are providing.

According to Defendant, "[f]ederal courts outside of this District have applied § 600.5805(2) three-year limitations period to PPPA claims." (Mot. at 10, PageID.1404 (citing *Edwards v. Hearst Commc'ns, Inc.*, 2016 WL 6651563, at *1 (S.D.N.Y. Nov. 9, 2016) and *Boelter*, 269 F. Supp. 3d 172, 187 (S.D.N.Y. 2017))). That is remarkably misleading. While it is technically true that the court presiding over the related *Edwards* and *Boelter* actions applied a three-year limitation period, the court was merely assuming, without

11

deciding, that the three-year limitation period applied because the parties in those cases all believed the limitation period to be three years. The issue was never briefed by the parties or otherwise presented to the court on a contested basis because the claims in those cases were timely under even a three-year limitation period. It was not until after each of those matters and other earlier PPPA matters had concluded that undersigned counsel was retained by additional clients (including the Plaintiffs in this case), learned of and reviewed the Sixth Circuit's decision in *Palmer Park*, and proceeded to dig deeper into the issue, ultimately realizing that PPPA claims are actually governed by the six-year limitation period found in § 600.5813 (not the three-year period found in § 600.5805(2) that the plaintiffs' bar had uniformly misapplied in PPPA cases for the better part of the preceding decade).[2] As the Court in *Pratt* explained:

---

[2]     Defendant argues that statements made by Plaintiffs' counsel, in prior PPPA cases on behalf of other clients, reflect that Plaintiffs' counsel "conceded" that a three-year limitations period applies to a PPPA claim. (Mot. at 7, PageID.1401). The argument is wrong, as well as improper. As Defendant's counsel is surely aware, an attorney's arguments on a client's behalf are never evidence, *see United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) ("[S]tatements and arguments of counsel are not evidence."); *Tang v. I.N.S.*, 223 F.3d 713, 720 (8th Cir. 2000), and obviously cannot be imputed against another client of the same attorney in a different proceeding, even where the arguments made on behalf of one client are inconsistent with those made on behalf of another client. *See, e.g.*, *Walker v. Ward*, 934 F. Supp. 1286, 1290-91 (N.D. Okla. 1996) ("The Court declines to construe arguments of counsel in an unrelated case to be an admission by the State . . . [T]he arguments of counsel in *Maynard* are irrelevant to the present inquiry."); *Bill Rivers Trailers, Inc. v. Thermo King Corp.*, 478 F.2d 1243, 1246 (C.C.P.A. 1973); *Freeman v. Potter*, 2006 WL 2631722, at *3 n.2 (W.D. Va. Sept. 13, 2006); *RCRV Inc. v. J L J Inc.*, 2013 WL 12133691, at *12 (C.D. Cal. Jan. 30, 2013). The Court should reject Defendant's attempt to weaponize counsel's arguments on behalf of their clients in other matters against their clients in this totally unrelated matter.

12

> After the Michigan legislature amended the PPPA, a few federal courts released opinions that assumed the three-year statute of limitations from § 600.5805(2) applied to the PPPA. But those opinions assumed that the three-year statute of limitations applied because the parties in those cases did not contest the issue. Indeed, at that time, unlike now, there was no shorter statute of limitations that a defendant might have raised as an affirmative defense.

*Pratt*, 2022 WL 469075, at *6 (citations omitted). Thus, contrary to what the Motion would have the Court believe, there are no decisions resolving the statute of limitations question for which certification is sought that conflict with the recent decisions in *Pratt*, *Hall*, and *Krassick*, all of which hold that the six-year period found in § 600.5813 applies.

Defendant says that the decisions in *Edwards* and *Boelter* "are consistent with a slew of federal and Michigan appellate cases applying the three-year limitations period in M.C.L. § 600.5805(2) to claims brought under statutes that did not themselves specify an applicable limitations period." (Mot. at 10-11, PageID.1404-1405 (citing *Dabish v. McMahon*, 818 F. App'x 423 (6th Cir. 2020)).). That too is misleading. The court in *Krassick* carefully addressed this precise issue, and explained that although there is inconsistency among a handful of decisions by Michigan's courts over the past several decades on the question of whether a three-year or a six-year limitation period applies to particular statutory causes of action, the overwhelming majority of Michigan precedent supports the Sixth Circuit's conclusion in *Palmer Park* that all statutory causes of action are governed by the six-year period found in M.C.L. 600.5813 (except where the statute itself specifies its own limitation period). *See Krassick*, 2022 WL 2071730, at

13

*5 ("Michigan courts recognize that this area of the law is rife with inconsistency, particularly when one attempts to reconcile newer cases with much older ones," but "*Palmer Park*, *DiPonio Construction*, *Goldfarb*, and *National Sand* indicate that where, as here, 'a statutory cause of action does not define a statute of limitations and the cause of action does not have a traditional common-law counterpart, the statute of limitations is governed by § 5813.'") (citations omitted).

Nor is there any merit in Defendant's argument that certification is warranted to "provide clarity now, not only for Plaintiffs and The Times, but for all judges and PPPA litigants." (Mot. at 12, PageID.1406). As explained above, three federal district courts and the parties who appeared before them *already have* expended significant resources adjudicating this exact issue – and those courts' uniform determination that a six-year limitation period governs PPPA claims, coupled with the Sixth Circuit's decision in *Palmer Park*, collectively provides ample "clarity" on the issue for Defendant and the Court in this case and the defendants and courts presiding over the other pending PPPA actions. Several defendants in other PPPA actions have filed motions to dismiss on statute of limitations grounds, many of which are fully briefed and have been under submission awaiting decision for some time now. *See, e.g., Bozung v. Christianbook, LLC*, No. 1:22-cv-00304 (W.D. Mich., filed March 31, 2022) (ECF Nos. 18-19, motion to dismiss on statute of limitations grounds (attached hereto as **Ex. B**)). Other defendants in recently filed PPPA actions, armed with the "clarity" provided on the statute of

14

limitation question by three of Michigan's federal district courts, apparently consider the issue so well settled that they have filed responsive pleadings that do not even raise a statute of limitations defense at all (thereby waiving it). *Crane v. American Bar Assoc'n*, No. 2:22-cv-11267 ECF No. 11, PageID.547 (defendant's motion to dismiss not raising statute of limitations defense and conceding that six-year limitation period applies). And still other PPPA defendants have chosen to negotiate amicable resolutions with the plaintiffs rather than relitigate the same statute of limitations issue that three courts have now uniformly decided in favor of the six-year period. *See Ketover v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987 ECF No. 19 (E.D. Mich. Dec. 22, 2021) (motion for preliminary approval of class-action settlement). Thus, the idea that certification is necessary to provide "clarity" on the issue and to preserve judicial and party resources is belied by the extensive litigation that has already occurred on this question, the unanimous decisions that three separate federal district courts have reached in resolving the question, and the alternative paths that other similarly situated defendants have taken in defending similar PPPA claims in the face of what is now a clear answer to the question.

Notably, neither the Sixth Circuit in *Palmer Park* nor any of the three federal district courts presiding over *Pratt*, *Hall*, or *Krassick* deemed the statute of limitations question appropriate for certification to the Michigan Supreme Court, even though they each had the discretion to certify the question *sua sponte*. *See* E.D. Mich. LR 83.40(a)

("upon motion or after a hearing ordered by the Judge *sua sponte,* the Judge may certify an issue") (emphasis added); Mich. Ct. R. 7.308(A)(2)(a) ("the court may on its own initiative or that of an interested party certify the question") (emphasis added). Nor has a single defendant in any of the other 39 PPPA cases referenced in the Motion (*see* Mot. at 13, PageID.1407) – the first of which was filed over 14 months ago (*see Pratt,* 2022 WL 469075 (filed June 15, 2021)) – sought to certify the statute of limitation question to the Michigan Supreme Court. The absence of any prior requests for certification by any of the defendants in the dozens of other PPPA actions filed over the past 14 months (or any *sua sponte* orders of certification by any of the presiding courts) weighs strongly against certifying the question at this late juncture. *See, e.g., Detroit Ent., LLC,* 2022 WL 982232, at *3 ("Finally, many federal courts have expressly declined to certify questions like the one Detroit Entertainment proposes for certification. This line of cases further persuades the Court that certification is not necessary here.").

Finally, in light of the amendment to the PPPA that became effective on July 31, 2016 – which removed the statutory damage provision and added an "actual damage" requirement – claims for violation of the unamended version of the statute invoked by Plaintiffs in this case and the plaintiffs in the other pending PPPA matters referenced in the Motion will no longer be actionable as of November 7, 2022.[3] Defendant is thus

---

[3]   The applicable six-year limitation period was tolled for 101 days pursuant to Executive Orders issued by the Governor of Michigan during the COVID-19 pandemic. *See* Mich. Executive Order No. 2020-58 ("[A]ll deadlines applicable to the

asking this Court to certify to the Michigan Supreme Court a question concerning the limitation period for a statute that does not even currently exist, and which in less than three months will never again be actionable. It would make no sense for the Court to certify such an arcane question to the Michigan Supreme Court for resolution.

Accordingly, the Motion fails to satisfy the first requirement for certification of the question presented in the Motion to the Michigan Supreme Court.

## II. The Issue for Which Certification Is Sought, Although Controlling in This Case, Does Not Control Many of the Other Pending PPPA Actions Referenced in the Motion

The Motion also fails to satisfy the second requirement for certification – that "the issue certified will likely control the outcome of the federal suit." E.D. Mich.

---

commencement of all civil and probate actions and proceedings, including but not limited to any deadline for filing an initial pleading … are suspended as of March 10, 2020 and shall be tolled until the end of the declared states of disaster and emergency.") (emphasis added); Mich. Supreme Court Administrative Order No. 2020-3 ("For all deadlines applicable to the commencement of all civil and probate case types, including but not limited to the deadline for the initial filing of a pleading … any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included.") (emphasis added); Mich. Executive Order No. 2020-122 (ending tolling period on June 20, 2020); Mich. Supreme Court Administrative Order No. 2020-18 (same); *see also Straus v. Governor*, 592 N.W.2d 53, 57 (Mich. 1999) (under Michigan law "the Governor's action [in issuing an Executive Order] has the status of enacted legislation"); *Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983) ("Pursuant to the *Erie* doctrine, state statutes of limitations must be applied by federal courts sitting in diversity."). Thus, the last date a claim may be filed under the pre-amended version of the PPPA is November 7, 2022, 6 years plus 101 days from July 30, 2016 (6 years is 2,190 days, 6 years plus 101 days is 2,291 days, and 2,291 days from July 30, 2016 is November 7, 2022). *See Pratt*, 2022 WL 469075, at *13 n.6 (computing limitation period the same way).

LR 83.40(a).

Although the question for which certification is sought would, if accepted by the Michigan Supreme Court for review and answered in the affirmative, result in the dismissal of this case on statute of limitations grounds – if the case does not settle before then, that is – the same could be said of any dispute over whether the applicable statute of limitations renders a claim untimely. Resolving such questions is the workaday job of a federal district court sitting in diversity jurisdiction, and only on exceedingly rare occasions do federal district courts turn to a state's high court for the answers. *See Detroit Ent., LLC*, 2022 WL 982232, at *2.

Rather than punting to a state high court on issues of state law like the one presented in the Motion, federal district courts sitting in diversity jurisdiction routinely resolve such issues by either applying controlling state legal authority or predicting how the state's high court would resolve the same question – just as the courts presiding over the *Pratt*, *Hall*, and *Krassick* matters resolved the exact same question presented in the Motion, and as the Sixth Circuit in *Palmer Park* decided the broader question of whether a three-year or a six-year limitation period applies to Michigan statutory causes of action generally. *See, e.g., Pack*, 2006 WL 1109100, at *2 (denying motion for certification of state-law question in analogous circumstances).

Defendant nonetheless argues that "an affirmative answer to the proposed certified question would result in the immediate dismissal of at least 39 currently

pending proposed class actions in this Michigan federal courts. This would preserve judicial resources and ease the ever-increasing judicial strain in this District and in the Western District." (Mot. at 13, PageID.1407). The argument is untethered to reality. Many of the cases filed in the wave of PPPA litigation that commenced 14 months ago have already resolved. And as previously discussed, the question presented in the Motion is now so well settled that, in recently filed PPPA cases, many of the defendants are either already on a path towards early resolution or have filed responsive pleadings that do not even raise a statute of limitations-based defense. *See, e.g.*, *Crane*, No. 2:22-cv-11267 ECF No. 11 (defendant's motion to dismiss not raising statute of limitations defense and conceding that six-year limitation period applies); *Kochanski v. Am. City Bus. J., Inc.*, No. 1:22-cv-00582 (W.D. Mich. June 23, 2022) (parties' joint status report (attached hereto as **Ex. C**) indicating that they have agreed to attend private mediation to attempt to resolve the case, defendant represented by same defense counsel representing Defendant here); *O'Shea et al. v. Nat'l Rev., Inc.*, No. 5:22-cv-11295 ECF No. 8, PageID.542-544 ((E.D. Mich. June 10, 2022) (stipulation extending deadline for defendant to respond to complaint to afford parties' time to attend private mediation). Thus, certification of the question presented in the Motion would have no impact on several of the pending PPPA actions referenced in the Motion.

Accordingly, the Motion also fails to satisfy the second requirement for certification of the question presented in the Motion.

**III.** **Certification of the Issue Presented in the Motion Would Needlessly Impede Plaintiffs and Putative Class Members in This Case and Many Other Cases From Obtaining the Relief to Which They Are Entitled**

The Motion also fails to satisfy the third requirement – that "certification of the issue will not cause undue delay or prejudice." E.D. Mich. LR 83.40(a).

Defendant faults Plaintiffs for "assert[ing] their claims against The Times nearly six years after the complained-of conduct by The Times," and on that basis says that "[a] short delay to gain clarification on a critical legal issue in this case will cause no more delay than has already been caused by Plaintiffs themselves." (Mot. at 13-14, PageID.1407-1408) The argument is without merit. Unsurprisingly, the statute setting forth the six-year limitation period in this case makes no distinction between claims early in the period versus those filed at the end of the period, so Plaintiffs cannot be faulted for filing suit when they did. *See* M.C.L. § 600.5813. Moreover, the only reason Plaintiffs did not file suit earlier is because the allegations of the FAC arise from facts that were intentionally concealed from them by the Defendant, and counsel only recently uncovered those facts at the conclusion of a long-running investigation into the company's data-sharing practices. Indeed, the crux of this lawsuit is that Defendant *failed to inform* Plaintiffs and the proposed class members that it would disclose their Private Reading Information to others and *failed to obtain their consent* prior to disclosing that Information to others. *See generally* FAC. Thus, under the circumstances alleged therein, Plaintiffs and the unnamed class members could not possibly have been

20

expected to learn of Defendant's disclosures or of the third parties to whom Defendant made these non-consensual, uninformed disclosures immediately after those disclosures were made. Plaintiffs filed suit as soon as possible after obtaining knowledge of the facts giving rise to their claims through counsel.

Defendant asserts that there is no "conceivable prejudice to Plaintiffs in seeking guidance from the Michigan Supreme Court on a question of unsettled Michigan law." (Mot. at 14, PageID.1408) The assertion is untrue. The modest (but critical) discovery that Plaintiffs require to certify a class and prove their claims on the merits should be conducted promptly in a unified, orderly fashion, not put on ice while the Michigan Supreme Court decides whether to answer the question presented in the Motion and, if it decides to answer it, while the question is briefed, oral argument is held, and the court prepares a decision – an indefinite but undoubtedly lengthy delay. *See, e.g.*, *Deacon v. Pandora Media, Inc.*, 655 F. App'x 581 (9th Cir. 2016) (question certified to Michigan Supreme Court on February 24, 2015 and answered by Michigan Supreme Court on July 6, 2016). As the adage goes, justice delayed is justice denied. This case needs to keep moving. Every delay risks faded witness memories, document spoliation, and other irretrievable loss of vitally important evidence. For instance, in a prior PPPA action against Hearst Corporation, the plaintiffs (represented by many of Plaintiffs' counsel in this case) worked painstakingly over the course of nearly a year to address issues of evidence spoliation by both the defendant and various third parties. *See, e.g.,*

*Edwards*, (10/19/17 letter to court describing extensive spoliation of evidence and requesting leave to file a motion for spoliation sanctions against defendant (attached here as **Ex. D**)). The risk of a similar situation occurring in this case will only increase as each day passes. Certifying the question presented in the Motion to the Michigan Supreme Court and staying the entire case pending the outcome would serve only needless inefficiency and delay and thus plainly and directly prejudice Plaintiffs and the putative class.

Grasping at straws, Defendant argues that certification would actually be beneficial to Plaintiffs and the putative class because "if the Michigan Supreme Court answers the posed question in the negative, Plaintiffs here, as well as plaintiffs in all other PPPA class actions, will no longer need to expend resources combatting motions to dismiss on this statute of limitations issue." (Mot. at 14, PageID.1408) This argument also misses the mark. To be clear, Plaintiffs believe the issue for which certification is sought is so well settled in light of *Palmer Park*, *Pratt*, *Hall*, and *Krassick* that they do not consider the question "unsettled." And as previously discussed, many defendants in pending PPPA matters are settling or litigating without even asserting the statute of limitations as a defense. But when a defendant like the Defendant here does raise a statute of limitation-based defense – which generally comes in the form of a brief cut-and-pasted from a prior PPPA defendant's brief on the same issue – Plaintiffs' counsel is likewise able to prepare responsive briefing in short order without expending

significant "resources." And any court confronted with a motion to dismiss on statute of limitations grounds at this juncture will similarly find itself well equipped to decide the motion in light of the thorough, well-reasoned opinions in *Pratt*, *Hall*, and *Krassick*. Simply: if the pending PPPA actions are permitted to proceed in the ordinary course, there is no reason to believe that the parties or presiding courts will incur any significant expenditures of time or other resources.

Finally, even if the question were certified, it is exceedingly unlikely that the Michigan Supreme Court would agree to decide it. Indeed, if the Court were to certify the question the parties would brief the issue before the Michigan Supreme Court, which, after receiving full briefing, may decline to even hear the certified question. *See* Mich. Ct. R. 7.308(A) (describing process).

And as previously discussed, the question Defendant seeks to certify concerns a statute that is no longer even on the books, and which will never again be enforceable in less than three months. It is exceedingly unlikely that the Michigan Supreme Court would agree to decide a question concerning a statute that is on the verge of going extinct – a question that, by the time it is decided, could not possibly have any bearing on any future-filed cases.

The circumstances giving rise to the certification of a question regarding the PPPA in *Deacon v. Pandora Media, Inc.*, 885 N.W.2d 628 (Mich. 2016) are readily distinguishable. There, the Ninth Circuit, not a district court, certified a question

concerning the meaning of the words "rent" and "borrow" that appear in the PPPA's definition of customer. *Id.* at 629. In doing so, the Ninth Circuit noted that that "there appears to be no case law from any Michigan court interpreting the meaning of these terms." *Deacon*, Case No. 12-17734, Order at p.10 (9th Cir. Feb. 19, 2015) (attached here as **Ex. E**). In this case, on the other hand, the Sixth Circuit has already held that all Michigan statutory causes of action (except for those that specify their own limitations period) are subject to the six-year period found in § 600.5813, and three federal district courts in Michigan have already decided that the six-year limitation period applies to a PPPA claim in particular – and all four of these decisions were grounded in decades of well-established Michigan precedent. *See supra* "Background" Section, Part I.  Moreover, the Ninth Circuit in *Deacon* agreed to hear the certified question because it found that "resolution of the issues in this appeal has the potential to affect the privacy rights of millions of Michigan residents."  *Id.* at p.11.  Here, by contrast, the pre-July 31, 2016 version of the PPPA is on the verge of extinction, and resolution of the applicable statute of limitations will therefore have no bearing on future-filed cases. Thus, none of the circumstances that led to the Ninth Circuit certifying the question in *Deacon* are implicated by the question that Defendant asks the Court to certify here.

Ultimately, the relief sought in the Motion is contrary to Rule 1's mandate for a "just, speedy" resolution to every dispute. Fed. R. Civ. P. 1. Rule 1 entitles Plaintiffs to

have their claims adjudicated, and to recover any relief to which they are entitled, in an expedient manner. Defendant does not appear to seriously deny Plaintiffs' allegations – indeed, if Plaintiffs' allegations lacked merit there would be no reason for Defendant to have filed the Motion at all. So Plaintiffs have a strong case on the merits, but the discovery they need to prove their case on the merits is increasingly at risk of spoliation as time goes by. The Motion thus aims to deny Rule 1's promise of efficiency precisely when Plaintiffs need it the most. This Court need not go along. This case should be permitted to proceed in the ordinary course.

Accordingly, the Motion fails to satisfy the third and final requirement for certification of the question presented in the Motion.

## CONCLUSION

For the foregoing reasons, the Motion should be denied and this case should be permitted to proceed in the ordinary course.

Dated: September 2, 2022          Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
epm@millerlawpc.com
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com
THE MILLER LAW FIRM
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200

Philip L. Fraietta
pfraietta@bursor.com

25

Joseph I. Marchese
jmarchese@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

*Counsel for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ E. Powell Miller
E. Powell Miller